## Lebanon Hook & Ladder Company's License

104

*Clarke M. Seltzer*, for appellant.
*Horace Siegelbaum*, for Liquor Control Board.

EHRGOOD, P. J., September 27, 1945.—The above-named appellant has appealed to this court from an order dated April 6, 1945, of the Pennsylvania Liquor Control Board, refusing to grant appellant's application for a club liquor license for its premises located at 726 Federal Street, in the City of Lebanon, Lebanon County, Pa.

The board based its refusal to grant said license upon the following findings of fact and conclusions of law:

"(1) The Act of June 24, 1939, P. L. 806, provides for a quota of 28 retail licenses for the sale of liquor and malt beverages in Lebanon, Lebanon County, and there are at the present time 37 such licenses in effect which are of the type counted against the said quota. Accordingly, the quota of retail licenses for said municipality is exceeded.

"(2). Lebanon, Lebanon County, is amply provided with licensed premises.

"Upon the above related facts, the board is of the opinion that it should, in the exercise of discretion authorized by the law, refuse this application for a new club liquor license."

Thereupon, the board made its order refusing to grant the said license.

The first reason assigned by the board for its refusal to grant said license raises the legal question whether a club liquor license may be issued by the board for premises situate in a municipality wherein the number of retail licenses, calculated in accordance with the provisions of the Liquor License Quota Act of June 24, 1939, P. L. 806, exceeds the limitation prescribed by said law.

This court has heretofore disposed of this legal question adversely to the action of the board in the case of In re Appeal of St. Patrick's R. C. B. Association, 50 D. & C. 123, wherein we determined that the legislature in enacting the Liquor License Quota Act, being the Act of June 24, 1939, P. L. 806, did not intend to restrict the board in issuing licenses for the retail sale of liquor and malt and brewed beverages to bona fide clubs, even though the population limitation set forth in section 2 thereof is exceeded in the municipality in which the club license is being applied for. After due consideration, we are still of the same opinion and reaffirm the conclusions reached in the former appeal, hereinbefore referred to. We are, therefore, of the opinion that the first reason urged by the board for the refusal to grant this license is without merit.

The second reason assigned by the board for the refusal of this club license is based upon an alleged discretion in the board in the issuance of such licenses, in that section 403 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended, 47 PS §744-403, provides as follows:

"Upon receipt of the application, the proper fees, and bond, and upon being satisfied of the truth of the

statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person will be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted, and that the applicant is a person of good repute, that the premises applied for meet all the requirements of this act and the regulations of the board, and the applicant seeks a license for a hotel, restaurant or club as defined in this act, the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, *and in the case of a club, may, in its discretion, issue a license . . .*" (Italics supplied.)

The board, therefore, contends, under the circumstances relating to this application, that it may in the exercise of its discretion refuse to issue a club liquor license in a municipality wherein the quota is exceeded, and wherein the quarter sessions court of the county in which the municipality is situate has decided that clubs are not subject to the provisions of the Quota Law, if in its opinion such municipality is amply provided with licensed premises. It is contended that its refusal to grant a club license to this applicant, for the reason that the numerical count of the total number of retail licenses of all classes in the City of Lebanon is 61, is a reasonable exercise of the discretion granted under the Pennsylvania Liquor Control Act.

While the above-cited section of the Pennsylvania Liquor Control Act, in the case of a club, as distinguished from a hotel or restaurant, grants to the board a discretion in determining whether or not to grant a club liquor license, the discretion must not be exercised arbitrarily, but must be exercised reasonably under the facts and circumstances of each particular case. The finding of the board, on the application before us, was based solely upon a numerical count of all classes

of licenses in force in the City of Lebanon. While the number of club licenses in force in the municipality may be an element or factor to be considered in conjunction with other circumstances existing in the application under consideration by the board in exercising its discretion, we are of the opinion that the consideration of numerical count solely is an arbitrary and capricious exercise of discretion, and constitutes but a mere opinion. This is particularly so in view of the fact that this court has held that the provisions of the Quota Law do not apply to the issuance of club licenses.

At the hearing de novo on this appeal, evidence was submitted on behalf of the board and the applicant. It was admitted that this applicant meets all of the other requirements of the Liquor Control Act relating to the issuance of a club license. The population of the City of Lebanon was 27,206, and the County of Lebanon, approximately 73,000, as of the 1940 census. A large number of the club licenses in effect in the City of Lebanon have been granted to lodge and club associations with National affiliations, whose membership is made up of residents not only of the City of Lebanon, but also of the County of Lebanon. The membership of the applicant, being a volunteer fire company, is approximately 690. The City of Lebanon has a system consisting of eight volunteer fire companies. Four of said companies, including the applicant, are located on the south side of the City of Lebanon, and the remaining four are located on the north side of the City of Lebanon. One of such volunteer fire companies on the north side of the City of Lebanon has a club liquor license. None of the companies on the south side of the City of Lebanon presently has a liquor or beverage license.

Testimony was produced by officers of various clubs and organizations having club licenses indicating a crowded condition in the various clubs in the City of Lebanon upon meeting nights and over week-ends.

Under the evidence produced we cannot agree with the conclusion reached by the board that the City of Lebanon is amply provided with licensed premises, assuming that such a condition could be a legal reason for the board to refuse a liquor license to this applicant. We can find nothing detrimental to the welfare, health, peace, and morals of this municipality or of the Commonwealth in the issuance of this license.

Furthermore, inasmuch as the Legislature of the Commonwealth of Pennsylvania has passed the so-called Liquor License Quota Act of 1939, placing limitations on the number of licenses of various classes to be issued in municipalities, and our construction thereof, we are of the opinion that the legislature did not intend to grant discretion to the Liquor Control Board to refuse to grant a bona fide club a club liquor license solely on a basis of numerical count of such licenses in force in the municipality for which the license is sought.

And now, to wit, September 27, 1945, the appeal of the Lebanon Hook and Ladder Company No. 1, of Lebanon, Pa., Inc., is sustained, the action of the Pennsylvania Liquor Control Board is overruled, and it is hereby ordered and decreed that said Pennsylvania Liquor Control Board issue a club liquor license to the said applicant.